STATE *vs.* JOHN MURPHY.

Sagadahoc. Opinion July 21, 1881.

*Indictment. Practice. Motion in arrest of judgment.*

A motion in arrest of judgment reaches errors appearing on the face of the record and no others.

ON EXCEPTIONS.

Search and seizure. After verdict the defendant filed a motion in arrest of judgment; the motion was overruled and exceptions were taken to that ruling.

(Motion.)

"And now the defendant, notwithstanding a verdict rendered against him at the present term of said court, moves that judgment be arrested for the reasons following, viz:

"First, Because the search made by the officer on the 13th of September, A. D. 1880, without warrant, of defendant's dwelling, in no part of which a shop was kept, was unlawful and in violation of defendant's constitutional rights, to be secure in his own house from all unreasonable searches and seizures.

"Second, Because the warrant recites that Hugh Tibbetts' made oath that on the 13th day of September, A. D. 1880, being then an officer, to wit, a constable of the city of Bath, duly qualified and authorized to seize intoxicating liquors kept and deposited for unlawful sale, &c. by virtue of a warrant, therefor issued in conformity with the provision of the law, did find one jug containing about one quart of intoxicating liquor as aforesaid, . . there did seize said liquor as a constable, and show that the officer made said search without a warrant authorizing him to search defendant's dwelling house, and that said search was illegal, unreasonable, and without the sanction of law.

"Third, Because the officer's return upon said warrant in the words and figures following, viz:

"' Sagadahoc, ss. Bath, September 14, 1880. By virtue of the within warrant I have seized the following described liquors with the vessels in which they are contained, viz: One jug containing a small quantity of intoxicating liquor, and have deposited them in a place of safety until final action and decision thereon, and I have apprehended the said John Murphy, and have him before the municipal court of the city of Bath, for the purposes therein mentioned;

ENOCH M. REED, Constable of Bath,'

does not identify the liquor as being the same mentioned and described in the complaint and warrant."

*Henry B. Cleaves,* attorney general, and *E. J. Millay,* county attorney, for the State, cited: State v. *Plunkett,* 64 Maine, 534; State v. *McCann,* 61 Maine, 116.

*C. W. Larrabee,* for the defendant.

The search of defendant's dwelling house without legal process was unauthorized, it was an outrage under the common law, and is none the less so because it is prohibited by the constitution of Maine.

Art. 1, § 5, "Declaration of Rights" of the constitution of Maine, says, that the people shall be secure in their persons, houses, &c. . . . from all unreasonable searches and seizures, &c. . . .

Revised Statute, c. 27, § 33, forbids the depositing or having in possession intoxicating liquors, with intent to sell, &c. This enactment was never intended to invade the privacy of a man's dwelling house.

Section 38 of c. 27 modifies § 33 and makes manifest that a decent regard for the constitution, teaches us that a man's dwelling house, occupied by him as such, and for that purpose only is not exposed to the wanton trespass of a police officer.

Section 34, of the same chapter is not authority for an officer to seize in violation of law without a warrant, and if he has done so, as in the case at bar, the return of the officer that served the warrant should identify the liquors thus taken, and in default of this the complaint should have been *nol prossed.*

APPLETON, C. J. This was a search and seizure process. No exceptions are alleged to the rulings of the presiding justice at the trial. They are, therefore, presumed to have been sufficiently favorable to the defendant.

After verdict a motion was filed in arrest of judgment, which was overruled. To this overruling the defendant alleges exceptions.

Judgments are arrested only for "error appearing on the face of the record." The motion in arrest reaches those, but no others. This rule is universal in its application. *State* v. *Carver*, 49 Maine, 588; *Bedell* v. *Stevens*, 28 N. H. 118.

The ground of arrest relied on in argument, is that the search and seizure was made in the dwelling house of the defendant without legal warrant and in violation of the provisions of the constitution. This may be conceded, but as such fact is not apparent of record, it cannot avail the defendant.

Any matter appearing in evidence at the trial, any facts then proved, any defect in the process for bringing the defendant into court or in its service, are not reached by this motion. 1 Bishop on Criminal Procedure, § 1285; *Com.* v. *Gregory,* 7 Gray, 498. The court must judge in motions of this kind from the record, and that only, and not from what took place at the trial. *Bedell* v. *Stevens.*

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.